IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Future Blue, Inc. | ) | Case No. 10-cv-06256 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| Does 1-300 | ) | |

MOTION TO QUASH SUBPOENA
AND FOR COSTS AND FEES

Movant, John Doe, identified by the Internet Protocol ("IP") address 98.183.196.246, by and through the undersigned counsel moves to quash the subpoena dated October 25, 2010 issued to the Neustar/Cox Communication Internet service provider ("ISP") directing the ISP to provide his identifying information on the grounds of the lack of personal jurisdiction. A copy of the subpoena is attached as Exhibit A.

**I. The Northern District of Illinois Lacks Personal Jurisdiction Over Movant**

The plaintiff's claims and the Movant's contacts with the State of Illinois do not form a nexus of minimal contacts sufficient for this Court to exercise personal jurisdiction over the Movant.

Due process requires that a defendant must have had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Furthermore, "The due process clause will not permit jurisdiction to be based on contacts with the forum that are random, fortuitous, or attenuated." *uBID, Inc. v. GoDaddy*

*Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475, 105 S.Ct. 2174.

As attested in the Defendant's Declaration, attached as Exhibit B, the Movant does not reside or work in the State of Illinois, nor has the Movant established any other minimal contacts with the state.

The plaintiff further pleads jurisdiction and venue on the basis of the alleged infringing acts occurring, "in every jurisdiction of the United States, including this one." Complaint, ¶7.

However, in *uBid*, the Seventh Circuit rejected the idea of a theory of general Internet use establishing the basis for jurisdiction, stating, "the mere fact that the defendant allegedly caused harm by conducting business or advertising over the Internet is not adequate to establish jurisdiction in the plaintiff's chosen forum state." 623 F.3d 421, 431.

The plaintiff identifies the Movant by IP address in the complaint, however, the plaintiff has failed to conduct due diligence to determine that this Court does not have personal jurisdiction. A simple web search for "IP geolocation" reveals a number of tools, many free of charge, which may be used to locate the geographic location where an IP address is assigned. With a simple web search, the plaintiff could have determined in minutes that the Movant's IP address was not assigned to a computer located within the State of Illinois and subject to the jurisdiction of this Court.

The Movant is not a resident or employed in the State of Illinois. The plaintiff is not a person or corporation in the State of Illinois. The computer that was assigned the IP address listed in the complaint and subject of the subpoena was not in the State of Illinois. As the plaintiff has failed to establish any relationship or minimal contacts with respect to the Movant and State of Illinois, subjecting the Movant to a lawsuit in this forum and allowing the ISP to

comply with the subpoena would offend the traditional notions of fair play and substantial justice.

For the reasons set out above, the Movant requests that this Motion to Quash be granted.

### III. Movant is Entitled to Attorney's Costs and Fees

Should this Motion be granted, Movant requests the recovery of full costs and attorney's fees as the prevailing party. 17 U.S.C. § 505 provides that:

> *"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party… …the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."*

In *Fogerty v. Fantasy, Inc.*, the Supreme Court stated "prevailing plaintiffs and prevailing defendants are to be treated alike." 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Therefore, it is within this Court's discretion to award the Movant costs and fees.

Respectfully submitted,

John Doe 98.183.196.246

By: _____
    David Gulbransen
    Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
159 N. Marion Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| FUTURE BLUE, INC. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:10-cv-06256 |
| DOES 1 - 300 | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cox Communications Attn: Subpoena Response, Fax No. 404-269-1898

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what that preferred format is.

| Place: Steele Law Firm, LLC<br>161 N Clark St. Ste. 4700<br>Chicago, IL 60601 | Date and Time:<br>12/06/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/25/2010

CLERK OF COURT

_____  OR  _____/s/ John Steele_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Future Blue, Inc.__
_____, who issues or requests this subpoena, are:
John Steele, Steele Law Firm LLC, 161 N Clark St. Ste. 4700, Chicago, IL 60601, john@steele-law.com;
312-893-5888

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Future Blue, Inc. ) | Case No. 10-cv-06256 |
| ) | |
| v. ) | Judge Zagel |
| ) | |
| Does 1-300 ) | |

### DECLARATION OF DEFENDANT

Under penalties provided by law, the undersigned declares that all statements made of his or her knowledge are true and all statements made on information and belief are believed to be true:

1. I have received a letter from my Internet Service Provider (ISP), Neustar/Cox Communication, dated March 10, 2011. My ISP advised me in the March 10th letter that I had fourteen days to respond to the subpoena attached.

2. The IP address disclosed in the subpoena is 98.183.196.246, which resolves to a computer located at a physical address outside the State of Illinois. This information could have been verified by the plaintiff at any time, using free tools on-line such as those found at Info Sniper (www.infosniper.net) or DNS Stuff (www.dnsstuff.com).

3. I do not currently, nor have I ever, resided or worked in the State of Illinois.

4. I have no normal business or personal contacts with the State of Illinois that would be sufficient for the exercise of general personal jurisdiction over me, nor have I had any recent contact with the State of Illinois, with the exception of hiring an attorney to represent me in this matter.



John Doe

3/17/2011
Date



EXHIBIT B