UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FUTURE BLUE, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOES 1-300, ) <br> ) <br> Defendants. ) <br> ) <br> ) | CASE NO.: 10 CV 6256 <br><br> The Hon. James B. Zagel |

**MOTION OF AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO SUBMIT RELATED AUTHORITY**

Amicus Curiae Electronic Frontier Foundation respectfully moves this Court for permission to submit the attached authorities for the Court's consideration. These authorities reflect the efforts of other District Courts to respond to the somewhat novel set of issues raised in a series of cases that are very similar to the above-captioned case(s), i.e., where a plaintiff copyright owner has sued hundreds or even thousands of individuals as "Does," for copyright infringement based on their alleged participation in uploading or downloading a single copyrighted work. Based on our informal tracking, over 100,000 people have been sued in these cases in the past year in over fifty cases brought before over thirty-nine separate District Court judges and magistrates in multiple jurisdictions across the country. More recently, over 40,000 of those sued have been dismissed from various cases by District Courts from across the country due to problems such as misjoinder.

These mass copyright cases represent a new litigation strategy that involves significant and substantive early, *ex parte* activity before the defendants are even aware of the litigation, much less in a position to respond. Because of these factors, and because there has yet to develop a body of published case law about the novel issues raised by these cases, we seek to ensure that the Court has ready access to relevant, largely unpublished decisions of the other

-1-

courts addressing these threshold issues. We believe these authorities will assist the Court in handling the above-captioned lawsuit(s).

The Electronic Frontier Foundation ("EFF") is a non-profit, member-supported digital civil liberties organization. With more than 14,000 dues-paying members, EFF represents the interests of technology users in both court cases and in broader policy debates surrounding the application of law in the digital age, and publishes a comprehensive archive of digital civil liberties information at one of the most linked-to legal web sites in the world, www.eff.org. EFF has participated as amicus in a number of cases involving mass copyright lawsuits against Doe defendants across the country. These cases raise issues of procedural fairness and due process, specifically: 1) whether the courts in question have personal jurisdiction over the defendants and whether the plaintiffs should be required to take reasonable steps to learn the proper location for the suit through use of free, public resources that allow location to be mapped from the Internet Protocol (I.P.) address of the defendants; 2) whether the joinder of the defendants in a single action is proper under Federal Rule 20; and 3) whether the plaintiff has met the legal standards for issuance of subpoenas seeking the identity of the Doe defendants.

We have sought to raise these issues as amicus because the defendants in these cases often are not well-positioned to do so. These issues often arise even before the defendants have been notified of the lawsuit. Moreover, even once identified many of the Doe defendants will be reluctant to mount a defense, either because they cannot afford to retain counsel or because they are fearful about being publicly-named in connection with a copyright lawsuit arising from pornography (as many of these are). As a result, these Does may be unfairly pressured into settling despite significant procedural and substantive flaws in the cases against them.

Based on EFF's extensive experience with similar mass copyright cases, EFF believes the following may assist the Court's handling of the above-captioned suits:

1. *Millenium TGA Inc. v. Does 1-800*, No. 1:10-cv-05603 (N.D. Ill. March 31, 2011). The attached Order from the Northern District of Illinois severs, *sua sponte*, all but Doe 1 for improper joinder, and quashes subpoenas seeking identifying information for hundreds more

Does from their Internet Service Providers (ISPs). *See* Ex. A. The court, citing similar cases in other jurisdictions, agreed with prior authorities that Rule 20 had not been satisfied because plaintiffs made no assertion that defendants had acted in concert. *Id*. at 2, *citing LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008). The court held that, without more, the allegation that defendants merely committed the same type of violation in the same way does not link defendants for purposes of joinder. The Order also noted with concern: "given the number of 'potential' defendants (*i.e.*, Does 1-800), this court could be faced with dozens if not hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country with no discernible ties to this district." *Id*. at 2. Finally, the court emphasized that venue appeared to be improper, and that the plaintiff had failed to verify the locations of the defendants' IP addresses—despite the availability of free and easy-to-use tools allowing it to do so. *Id. See also Lightspeed v. Does 1-1000*, Case No. 1:10-cv-05604 (N.D. Ill. Mar. 3, 2011) (severing all but one Doe defendant for improper joinder).

The result has been the same in similar cases from other jurisdictions. For example, in *West Coast Productions v. Does 1-2010*, an ISP, Time Warner Cable, moved to quash a subpoenas seeking identifying information for numerous Doe defendants. *See* Ex. B. EFF filed a supporting amicus brief. The United States District Court for the Northern District of West Virginia held that all defendants but Doe 1 were improperly joined, severed those defendants from the action, and quashed subpoenas seeking identifying information for those defendants. The Order stressed that any new actions against the severed Does may process only against Does with IP addresses of computers located within that court's jurisdiction. *Id*. at p 4 n 2. Virtually identical Orders were issued in at least seven other cases. *See Combat Zone, Inc., v. Does 1-1037*, No. 3:10-cv-00095-JPB-JES (N.D. W. Va. Dec. 16, 2010), ECF No. 71; *see also Combat Zone, Inc., v. Does 1-245*, No. 3:10-cv-00096-JPB-JES (N.D. W. Va. Dec. 16, 2010), ECF No. 28; *Patrick Collins, Inc., v. Does 1-118*, No. 3:10-cv-00092-JPB-JES (N.D. W. Va. Dec. 16, 2010), ECF No. 42; *Patrick Collins, Inc., v. Does 1-281*, No. 3:10-cv-00091-JPB-JES (N.D. W.

Va. Dec. 16, 2010), ECF No. 42; *Third World Media, LLC, v. Does 1-1243*, No. 3:10-cv-00090-JPB -JES (N.D. W. Va. Dec. 16, 2010), ECF No. 66; *West Coast Productions, Inc., v. Does 1-2010*, No. 3:10-cv-00093-JPB-JES (N.D. W. Va. Dec. 16, 2010), ECF No. 44; *Axel Braun Prods. v. Does 1-7,098*, No. 3:10-cv-00112-JPB (N.D. W. Va. Dec. 23, 2010) ECF No. 6.

2. *LFP Internet Group, LLC. v. Does 2-3,120,* No. 3-10-2095-F (N.D. TX, Feb. 10, 2011) attached as Exhibit C. In this order, as well as 14 other "mass copyright" lawsuits, the Court found that all defendants but Doe 1 were improperly joined, severed those defendants from the action, and quashed subpoenas seeking identifying information for those defendants. *See also, Lucas Entertainment Inc. v. Does 1-65*, Case No. 10-cv-1407-F (Order issued Feb. 10, 2011)*; Lucas Entertainment Inc. v. Does 1-185*, Case No. 10-cv-1537-F (Order issued Feb. 10, 2011); *VCX Ltd., Inc. v. Does 1-113*, Case No. 10-cv-1702-F (Order issued Feb. 10, 2011); *LFP, Inc. v. Does 1-635,* Case No. 10-cv-1863-F (Order issued Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-319,* Case No. 10-cv-2094-F (Order issued Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-3,120, LFP Internet Group, LLC v. Does 1-1,106,* Case No. 10-cv-2096-F (Order issued Feb. 10, 2011); *LFP Internet Group LLC v. Does 1 - 2,619*, Case No. 10-cv-2139-F (Order issued Feb. 10, 2011); *Harmony Films Ltd. v. Does 1-739, Adult Source Media v. Does 1-247,* Case No. 10-cv-2412-F (Order issued Feb. 10, 2011); *D & E Media, LLC v. Does 1-258,* No. 11-cv-00001-F (Order issued Feb. 10, 2011); *Serious Bidness, LLC v. Does 1-10,* Case No. 11-cv-2-F (Order issued Feb. 10, 2011)*; Steve Hardeman, LLC v. Does 1-168,* Case No. 11-cv-00056-F (Order issued Feb. 10, 2011); *FUNimation Entertainment v. DOES 1 - 1,337*, Case No. 11-cv-147-F (Order issued Feb. 10, 2011).

3. *Mick Haig Prods. Et al v. Does 1-670,* Case 3:10-cv-01900-N. The attached Order was issued October 25, 2010 by the United States District Court for the Northern District of Texas, Dallas Division. It appoints EFF and Public Citizen to serve as *pro bono* attorneys ad litem to represent the Doe defendants in *Mick Haig Prods. Et al v. Does 1-670,* for purposes of responding to Plaintiff's motion for early discovery. *See* Ex. D.

4. *West Bay One v. Does 1,653,* Case No. 1:10-cv-00481 and *Achte/Neunte Boll Kino*

*Beteiligungs Gmbh & Co Kg v. Does 4,577,* Case No 1:10-cv-00453. The United States District Court for the District of Columbia ordered that the attached Court-Directed Notice must be sent by internet service providers to Doe Defendants customers whose information was being sought by the Plaintiffs in *West Bay One v. Does 1,653,* and *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co Kg v. Does 4,577. See* Exs. E, F. The Notice explains the nature of the information sought, informs the Does of certain legal options that may be available to them, and provides resources to assist the Does in finding further information and counsel. One of the resources listed is EFF's website, which collects information about the mass infringement cases and provides a list of attorneys who may be able to assist the Does.

5. *Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004)).* The District Court for the Southern District of New York issued the attached decision confirming that the request to seek identity of those accused of copyright infringement online implicates the First Amendment and must comply with the tests for identifying anonymous speakers. *See* Ex. G.

  We hope that these documents will assist the Court in its evaluation of the above-referenced cases. In addition, subject to inevitable resource limitations, we would be willing to provide additional information, legal argument and analysis, to the Court, either as amicus or as attorneys ad litem for the Doe defendants. Additionally, we remain willing to assist those sued in seeking counsel, as reflected in Order issued by the District of Columbia District Court (4 above).  Please do not hesitate to contact us with any questions or concerns.

DATED:  April 8, 2011      Respectfully submitted,

            By  */s/Charles Lee Mudd, Jr.*
              MUDD LAW OFFICES
              3114 W. Irving Park Road
              Suite 1W
              Chicago, Illinois 60618
              773.588.5410
              773.588.5440 (Fax)
              cmudd@muddlawoffices.com
              ARDC: 6257957

              Attorneys for Amicus
              ELECTRONIC FRONTIER FOUNDATION